# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:09-CV-137-GCM-DCK

| | |
|---|---|
| KY TAN LE, | ) |
|     Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
|     Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on *pro se* "Plaintiff Ky Tan Le's Motion For Summary Judgment" (Document No. 16) and Defendant's "Motion For Summary Judgment" (Document No. 12). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and these motions are ripe for review. After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "...Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

Plaintiff filed this action on April 6, 2009, apparently seeking review of a decision of the Commissioner of Social Security denying benefits during a mandatory waiting period. (Document No. 1). On April 23, 2009, the Court granted Plaintiff's application to proceed *in forma pauperis*. (Document No. 3). The Court then issued its "Pretrial Scheduling Order" (Document No. 8) ordering that Plaintiff "file a Motion for Summary Judgment and Supporting memorandum of law within 60 days" and that the Commissioner file a memorandum of law in opposition within 60 days of service of Plaintiff's motion and supporting memorandum.

On August 10, 2009, Plaintiff filed a brief letter (Document No. 9) that the Clerk's Office

recorded on the docket as a "Motion for Summary Judgment." This "motion" failed to state with particularity the grounds for a motion, the relief sought, or to include any brief or memorandum of law in support, as required by Local Rule 7.1 and the "Pretrial Scheduling Order" (Document No. 8).

The undersigned, out of an abundance of consideration of the Plaintiff's status as a *pro se* litigant, issued a "Memorandum And Recommendation" (Document No 14) on May 5, 2010 recommending that Plaintiff's "Summary Judgment" (Document No. 9) be denied without prejudice and that Plaintiff be allowed a brief extension of time to file a proper motion for summary judgment and memorandum in support. On May 27, 2010, the Honorable Graham C. Mullen adopted the undersigned's recommendation and ordered that the Court would allow an extension of time for Plaintiff to file a motion for summary judgment and memorandum of law in support; and that Defendant file a response or revised motion for summary judgment. (Document No. 15).

"Plaintiff Ky Tan Le's Motion For Summary Judgment" (Document No. 16) and "Plaintiff Ky Tan Le's Memorandum In Support Of Its Motion For Summary Judgment" (Document No. 17), were filed June 4, 2010. "Defendant's Response To Plaintiff's Revised Motion For Summary Judgment" (Document No. 18) was filed June 15, 2010, and referenced his reliance on Defendant's previously filed "Motion For Summary Judgment" (Document No. 12) and "Memorandum In Support Of Summary Judgment" (Document No. 13).

**I. BACKGROUND**

Plaintiff Ky Tan Le ("Plaintiff") seeks judicial review of an unfavorable administrative decision regarding his date of entitlement to disability insurance benefits. (Document No. 1). On February 19, 2002, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § *et seq.,* alleging an inability

to work due to a disabling condition beginning January 13, 2002. (Transcript of the Record of Proceedings ("Tr.") 20). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application on or about April 10, 2002, and again after reconsideration on October 31, 2002. (Tr. 24, 31). Plaintiff filed a written request for a hearing on or about November 12, 2002. (Tr. 34). On March 27, 2003, Administrative Law Judge Frank D. Armstrong issued a favorable decision, finding that Plaintiff was disabled pursuant to the Social Security Act. (Tr. 181-191). Plaintiff was determined to be disabled as of January 13, 2002, and was subject to a five month waiting period, from February 1, 2002 through June 30, 2002, before he could receive any Disability Insurance Benefits payments. (Tr. 20-21, 187, 194).

On May 2, 2006, the Commissioner affirmed on reconsideration the determination that Plaintiff's benefits began July 2002. (Tr. 198). On July 5, 2006, Plaintiff filed a request for hearing but waived his right to appear at the hearing. (Tr. 19, 203). Administrative Law Judge Kevin F. Foley ("ALJ") issued a decision on August 25, 2006, finding that Plaintiff was subject to a five month waiting period, from February 1, 2002 through June 30, 2002, before he could receive disability payments. (Tr. 16-21). Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on September 8, 2008. (Tr. 7-9, 14-15). Thus, the ALJ decision of August 25, 2006 became the final decision of the Commissioner.

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on June 22, 2009. (Document No. 1). The pending motions are now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971); and (2) whether the

Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The facts in this case are not in dispute. The Plaintiff was found to be disabled beginning January 13, 2002, and as he met all other requirements for entitlement as of that date, the Act and

Regulations require that no benefits are payable until he has completed a five (5) full month waiting period. The question before the ALJ was whether Plaintiff was subject to a five month waiting period before he could receive any Disability Insurance Benefits payments. The ALJ opined that the "imposition of the 5 month waiting period in determining the claimant's entitlement date to disability benefits is not a matter of discretion, but is an absolute requirement of the Act and Regulations. (Tr. 20).

Defendant cites persuasive and relevant authority supporting the ALJ decision, including the following regulations. A five month waiting period must be served before a disabled claimant is eligible to receive payment of benefits. See 20 C.F.R. § 404.315(a)(4) ("You are entitled to disability benefits while disabled before attaining full retirement age . . . if . . .[y]ou have been disabled for 5 full consecutive months."); 20 C.F.R. § 404.320(b)(4) (disabled claimant is entitled to period of disability if "[a]t least 5 consecutive months go by from the month in which [claimant's] period of disability begins and before the month in which it would end.").

A disabled claimant must serve the five month waiting period unless the claimant meets the condition set forth in the Social Security Administration's *Programs Operations Manual System (POMS)*, § DI 10105.075. See Social Security Administration, POMS, § DI 10105.070A, 2001 WL 1931641 ("Before entitlement to [Disability Insurance Benefits] can begin, the [claimant] must have served a waiting period consisting of 5 full calendar months unless the [claimant] meets the condition found in DI 10105.075."). Section DI 10105.075 of the POMS, in turn, states that a claimant will not have to serve the waiting period if the claimant had a prior period of disability that terminated within 5 years before the current period of disability began. See Social Security Administration, POMS, § DI 10105.07, 2001 WL 1931642. Here, the condition set forth in Section

5

DI 10105.075 of the POMS does not apply to Plaintiff, since he had never been found to be disabled prior to his disability finding on March 27, 2003. (Tr. 44).

Viewing his contentions in the most favorable light, and having been allowed two chances to present his case, Plaintiff has failed to articulate any persuasive argument, or to present relevant case law or applicable authority, supporting a reversal or remand of the ALJ's decision. (Document No. 17). As noted by the ALJ, "[n]o matter how heartfelt the claimant's objection to the imposition of the waiting period may be," the ALJ does "not have the authority to disregard specific provisions of the Act and Regulations." (Tr. 20). The undersigned agrees.

## IV. CONCLUSION

Based on the foregoing, the undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: *pro se* "Plaintiff Ky Tan Le's Motion For Summary Judgment" (Document No. 16) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 12) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the

Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for the Defendant, and the Honorable Graham C. Mullen.

**IT IS SO RECOMMENDED**.

Signed: February 7, 2011

David C. Keesler
United States Magistrate Judge